PER CURIAM.
Plaintiff seeks reversal of an adverse summary final judgment in this action for damages.
On June 6, 1973 plaintiff, Lillie Mae Morris, as purchaser, and The Morgan Company, as seller, entered into a deposit receipt agreement for the purchase of a single family residence. The agreement provided for a closing date within 45 days of the execution thereof. With the permission of The Morgan Company, Mrs. Morris and her daughter moved into the house prior to the closing. As a result of some disagreement between Mrs. Morris and The Morgan Company, the closing did not take place within the 45 days. On October 12 Morgan had the electricity turned off and hired the defendant Keystone Security, Inc. to take possession of the property, change the locks and keep all persons off the premises. Upon returning to the house on the evening of October 13, 1973, Mrs. Morris and her daughter discovered the locks had been changed after unsuccessfully attempting to unlock the door. At that point, an employee of Keystone inside the house came to the door and with a drawn pistol ordered Mrs. Morris and her daughter off the premises after informing them that they were trespassers. Thereupon, Mrs. Morris obtained a circuit court order directing that possession of the premises be restored to her and the electricity be turned back on. Thereafter, Mrs. Morris filed the instant complaint for *664 damages against Keystone Security. Keystone answered and after pretrial discovery filed a motion for summary judgment. The trial court granted the motion based on its findings that (1) record title to the property was in The Morgan Company at the time of the complained of incident; (2) the electricity had been turned off at the bequest of Morgan and this fact was known to Mrs. Morris; (3) Morgan had hired Keystone to take possession of the property and to keep all persons off and out of the premises.
Viewing the record in a light most favorable to Mrs. Morris, we find genuine issues of material facts which warrant reversal. See 2 FlaJur. Appeals § 307 (1963) and cases cited therein. In particular issues exist as to the nature of the agency relationship between defendant Keystone Security and The Morgan Company; the extent of the alleged force and threats used on Mrs. Morris upon her return to the premises; the right of Mrs. Morris to reside on the premises and the extent of her interest, if any, therein. We also note that there was no showing that the purchase contract had been declared void by reason of default on the part of appellant, Mrs. Morris.
Reversed.